ERIC GRANT
United States Attorney
NICOLE MOODY
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                    v.<br><br>JIMBERT ESCALICAS<br><br>                         Defendant. | Case No. 2:26-cr-0041-DAD<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGULATING DISCOVERY |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States, by and through Special Assistant U.S. Attorney NICOLE MOODY, Defendant JIMBERT ESCALICAS, by and through his counsel of record, MIA CRAGER ("Defense Counsel"), stipulate and agree, and respectfully request that the Court order as follows.

1.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2.      The Government has in its possession discovery that may be required under its discovery obligations, but even if not required, may facilitate the Defendants' trial preparation.

3.      For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

4.      Due to the nature of the charges and the alleged conduct in this case, PII, financial records, and other confidential information make up a significant part of the discovery materials and such information itself, in many instances, has evidentiary value.  The documentary evidence contains a large quantity of privacy-protected information that would be difficult or time-consuming to redact. Further, if the Government were to attempt to redact all this information, the defense would receive a set of discovery that may be confusing and difficult to understand, and it could inhibit prompt and just resolution of the case or preparation for trial.

5.      The parties agree that a Protective Order that will permit the Government to produce discovery that is unredacted but preserve the privacy and security of victims, witnesses, and third parties, is appropriate.

6.      Any discovery containing PII will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

7.      The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

8.      The Government shall produce the Protected Material to Defense Counsel, designating the discovery with the bates prefix, "ESCALICAS_PM_."  This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

9.      All Protected Material in this case is entrusted to Defense Counsel only for purposes of representing her Defendant during the pendency of this case.  Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, or if Defense Counsel seeks to maintain the protected discovery in the defense counsel's files beyond final disposition of the case, seek modification of this provision from the Court.  If any protected discovery is used as defense exhibits, they shall be returned to the government along with the other protected discovery upon the final disposition of the case and stored with the government exhibits so long as those are required to be maintained.

STIPULATION AND [PROPOSED] ORDER
REGULATING DISCOVERY                      2                      USA V. JIMBERT ESCALICAS

10.     Defense Counsel shall not give any Protected Material to any person other than the Defense Team assisting in preparation of the present case.  The term "Defense Team" shall explicitly include only (1)Defense Counsel, (2) other attorneys at Defense Counsel's law firms or defense organizations who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff assisting Defense Counsel in the above-captioned matter.  The term "Defense Team" excludes any other defendant in this matter (uncharged or otherwise) or any other pending matter against the Defendant; any person involved in any case in which discovery concerning the Defendant is produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

11.     Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

12.     No members of any of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

13.     To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

14.     If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

15.     Defense Counsel may use the Protected Material in the defense of her Defendant in the instant case in any manner deemed essential to adequately represent him (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, or post-conviction filings as may be needed), consistent with this stipulation and order as it shall be originally prepared and

signed.

16.    Defense Counsel and Defense Team are authorized to review with the Defendant the contents of the Protected Material.  Defense Counsel and Defense Team, however, are prohibited from in any way giving the Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material.  This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

17.    In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

Dated:  April 24, 2026                                            ERIC GRANT
                                                                              United States Attorney


                                                                              /s/ NICOLE MOODY
                                                                              NICOLE MOODY
                                                                              Assistant United States Attorney


Dated:  April 24, 2026                                            /s/ MIA CRAGER
                                                                              MIA CRAGER
                                                                              Counsel for Defendant
                                                                              JIMBERT ESCALICAS

STIPULATION AND [PROPOSED] ORDER
REGULATING DISCOVERY                          4                    USA V. JIMBERT ESCALICAS

**O R D E R**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

**IT IS SO ORDERED**.

Dated:   April 28, 2026

The Honorable Jeremy D. Peterson
UNITED STATES MAGISTRATE JUDGE